UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **OSCAR MARQUEZ, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| **v.** } | **Case No.: 5:13-cv-01395-MHH** |
| } | |
| **EL PORTAL, INC., et al.,** } | |
| } | |
| **Defendants.** } | |
| } | |
| } | |

## MEMORANDUM OPINION AND ORDER

On January 12, 2017, the magistrate judge entered a report in which he recommended that the Court (1) deny the plaintiffs' motion for partial summary judgment on their FLSA claims; (2) deny the defendants' motion for summary judgment on the plaintiffs' FLSA claims; and (3) grant the defendants' motion for summary judgment on the plaintiffs' fraud claims, on the plaintiffs' claims against defendant El Portal, Inc., and on plaintiff Oscar Marquez's breach-of-contract claim for unpaid vacation.  (Doc. 72, p. 33).  The magistrate judge advised the parties of their right to object within fourteen (14) days.  (Doc. 72, p. 34).  The plaintiffs filed an objection to the Magistrate Judge's report and recommendation on January 27, 2017, and the defendants responded to the plaintiffs' objection on February 3, 2017.  (Docs. 73, 76).

1

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).

In his report, the magistrate judge found as a matter of law that defendant Alvaro Salazar's two corporations, defendants El Portal, Inc. and El Portales, Inc., do not constitute a single enterprise for purposes of the FLSA. (Doc. 73, pp. 3–7). The magistrate judge found that the two corporations had separate bank accounts at different banks and that checks from El Portales, Inc.'s account "were sometimes labeled 'El Portal' and sometimes 'Los Portales.'" (*See* Doc. 72, p. 13).[1] The plaintiffs argue that this alternative labeling is evidence that the two corporations commingled funds and operated as a single enterprise for purposes of the FLSA. (Doc. 72, p. 21; Doc. 73, pp. 6–7). The magistrate judge disagreed and concluded that, because El Portal, Inc. and El Portales, Inc./Los Portales, Inc. each ran a

---

[1] Los Portales, Inc. appears to be the name originally intended for El Portales, Inc. (Doc. 72, p. 1p. 12–13). El Portales, Inc. is sometimes referred to as Los Portales, Inc. in the record. (Doc. 72, p. 12).

restaurant, and each called its restaurant El Portal, the inconsistently labeled checks do not support a reasonable inference that the two restaurants commingled funds. (Doc. 72, 21–22).

The magistrate judge did not factor into his analysis the opinions of the plaintiffs' expert concerning the commingling of funds. (Doc. 73, p. 6). Considered along with the checks themselves, the expert's opinion, if accepted, would permit a reasonable juror to find that the two restaurants commingled funds. Therefore, because of the disputed evidence on this issue, the Court cannot decide as a matter of law that El Portal, Inc. and El Portales, Inc. were not a single enterprise under the FLSA. A jury must decide these disputed facts.

Having reviewed *de novo* the record in this case, including the magistrate judge's report, the Court **SUSTAINS** the plaintiffs' objection to the magistrate judge's finding that El Portal, Inc. and El Portales, Inc. are not, as a matter of law, a single enterprise under the FLSA. In all other respects, the Court **ACCEPTS** the magistrate judge's recommendations.

The Court **GRANTS** the defendants' motion for summary judgment with respect to the plaintiffs' fraud claim; the plaintiffs' claims against El Portal, Inc.; and Mr. Marquez's breach-of-contract claim for unpaid vacation. (Doc. 49). The Court **DISMISSES** those claims **WITH PREJUDICE**. The Court **DENIES** the defendants' motion for summary judgment with respect to the plaintiffs' FLSA

claims.  (Doc. 49).  The Court **DENIES** the plaintiffs' motion for partial summary judgment on their FLSA claims.  (Doc. 51).  The Court **DENIES** the defendants' motions to strike.  (Docs. 61, 64).

The Court **SETS** this matter for a pretrial conference on **Monday, September 11, 2017 at 2:00 p.m.** in chambers of the undersigned, Room 786, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203.

**DONE** and **ORDERED** this July 28, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE