UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **OSCAR MARQUEZ, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: **5:13-cv-01395-MHH** |
| } | |
| **EL PORTAL, INC., et al.,** } | |
| } | |
| **Defendants.** } | |
| } | |
| } | |

## MEMORANDUM OPINION

The parties to this FLSA[1] action have informed the Court that they have reached a settlement through mediation.  On September 15, 2017, the parties filed a joint motion asking the Court to approve their proposed settlement agreement. (Doc. 82).  The Court held a hearing on September 27, 2017 to discuss the terms of the agreement with the parties.  The Court will approve the proposed settlement agreement because it is a fair and reasonable compromise of a bona fide dispute.

**I.    BACKGROUND**

Defendant Alvaro Salazar owns and operates two restaurants in Hartselle, Alabama both named El Portal.  (Doc. 50, p. 2).  Mr. Salazar operates these restaurants through the corporate defendants in this action, the first restaurant

---

[1] The FLSA is the Fair Labor Standards Act.

through El Portal, Inc. and the second restaurant through El Portales, Inc. (Doc. 50, p. 2).

The plaintiffs worked at the defendants' restaurants in Hartselle. They assert claims for violations of the FLSA.[2] Plaintiff Oscar Marquez, a former supervisor at El Portal, alleges that the defendants never paid him in a manner compliant with the FLSA and that he worked the final nine months of his employment with the defendants without receiving pay. (Doc. 14, pp. 4-5). The remaining plaintiffs, Eladio Gasper Domingo, Veronica Segoviano, Erika Brito, and Jose Castillo, worked at the defendants' restaurants as wait staff. (Doc. 14, p. 4). These plaintiffs allege that the defendants required them to work for tips without paying the plaintiffs an actual wage. (Doc. 14, pp. 5-7). All of the plaintiffs allege that the defendants regularly required them to work in excess of 40 hours per week without compensating them for overtime. (Doc. 14, pp. 5-7).

The defendants dispute the number of hours that the plaintiffs worked weekly. (Doc. 82, p. 10). The defendants assert that they were entitled to a tip credit against any wages paid to their wait staff employees. (Doc. 82, p. 14). With respect to Oscar Marquez, the defendants argue that he was an exempt employee

---

[2] The plaintiffs originally brought state law claims for fraud and breach of contract against the defendants in addition to the FLSA claims. (Doc. 14, pp. 10-11). The Court granted summary judgment in the defendants' favor on the state law claims. (Doc. 80, p. 3).

under the FLSA.  (Doc. 50, p. 23).  The defendants also dispute whether their business is covered by the FLSA's enterprise jurisdiction. (Doc. 50, p. 15).

## II. DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in *Christopher*)).  In addition to mandating a minimum wage, "the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages."  *Id.* (citing 29 U.S.C. § 207(a); *see also* 29 U.S.C. § 206(a)).  Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'"  *Barrentine*, 450 U.S. at 739 (emphasis in original).  In doing so, Congress sought to protect "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'"  *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that his or her employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated

damages in an amount equal to the unpaid wages, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353; *see also Hogan*, 821 F. Supp. 2d at 1281-82.[3]  "[T]he parties requesting

---

[3] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. The

review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide also should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

The Court has reviewed the proposed agreement and determined that it represents a fair and reasonable compromise of the parties' disputes concerning FLSA coverage and hours worked by the plaintiffs. The defendants have agreed to pay to each plaintiff $5,500 in back wages and $5,500 in liquidated damages for a total of $11,000 paid to each plaintiff. (Doc. 82, 12-13). The parties reached this

---

only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F.2d at 1352-53 (footnotes omitted). The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

amount by agreeing that the defendants would compensate the plaintiffs for all of their claimed hours according to the following formula: the defendants would pay the plaintiffs for all normal hours at a rate of $2.13 per hour which represents the minimum wage of $7.25 minus a tip credit of $5.12; the defendants would pay the plaintiffs for all overtime hours at a rate of $5.76 per hour which represents the standard overtime wage of $10.88 minus the tip credit of $5.12.  (Doc. 11, p. 23). Under this formula, the parties agree that the wages calculated are less than the $11,000 sum that the defendants will pay to each plaintiff under the settlement agreement. (Doc. 82, p. 11).

The proposed agreement includes a petition for attorney's fees that the Court must examine before approving the settlement.  The Court reviews the attorney's fees awarded under the agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352).  Counsel for the plaintiffs have submitted time records for the Court's review, and the Court notes that plaintiffs' counsel will receive through the settlement roughly half of the fees they would claim and attempt to prove at trial.  Under the circumstances, the Court finds this amount to be fair and reasonable.  There is no conflict between the employees' interests and recovery and plaintiffs' counsel's fee.

In addition, the plaintiffs have agreed to release certain claims against the defendants as part of the settlement. (Doc. 82, pp. 15-16). The Court must review this provision to ensure that the employer does not "use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010); *see also Hogan*, 821 F. Supp. 2d at 1282 (stating that an employer may not require valuable concessions for wages due under the FLSA). The language of the release provision indicates that the plaintiffs are releasing only claims that relate to the dispute over compensation for hours they worked at the defendants' restaurants. Counsel for both parties confirmed this interpretation of the release provision during a discussion with the Court. Because the release provision covers only the plaintiffs' FLSA-related claims, the Court approves the release language.

### III. CONCLUSION

For the reasons stated above, the Court approves the proposed settlement agreement submitted by the parties. The Court finds that there was a bona fide dispute between the parties, and that the agreement produced through mediation represents a fair compromise of the disputed FLSA issues. The Court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this September 27, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE